NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

VANESSA D., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, T.D., H.D., A.D., *Appellees.*

No. 1 CA-JV 16-0170
FILED 10-27-2016

Appeal from the Superior Court in Maricopa County
No. JD23237
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1          Vanessa D. (Mother) appeals the juvenile court's order terminating her parental rights to A.D., H.D., and T.D. (the Children).  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2          In February 2013, the Department of Child Safety (DCS) took temporary custody of A.D., then age two, and his older sister,[2] and filed a petition alleging they were dependent as to Mother on the grounds of neglect, domestic violence, and substance abuse.  Mother gave birth to H.D. in July 2013 and T.D. in November 2014, and DCS filed petitions alleging they too were dependent children.  The Children were ultimately adjudicated dependent as to Mother, and the juvenile court adopted a case plan of family reunification and an alternate, concurrent case plan of severance and adoption.[3]

¶3          At a July 2015 report and review hearing, the juvenile court changed the case plan to severance and adoption.  DCS immediately moved to terminate Mother's parental rights to the Children, alleging severance was warranted because: (1) Mother failed to protect a child from abuse; (2) Mother had not remedied the circumstances causing the Children to be in an out-of-home placement within the statutory time frames; and (3) Mother's parental rights to another child were terminated in the preceding two years and she remained unable to discharge parental responsibilities for the same reasons.  *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(2),[4] (8)(a)-(c),

---

[1]      We view the facts in the light most favorable to upholding the juvenile court's order terminating parental rights.  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (citing *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008)).

[2]      Mother's parental rights to the older sister were terminated in April 2015.  She did not appeal that determination, and the older sister is not a party to this appeal.

[3]      The Children were also adjudicated dependent as to their father, but he is not a party to this appeal.

[4]      Absent material changes from the relevant date, we cite a statute's current version.

(10). Meanwhile, Mother stopped participating in rehabilitative services and discontinued her visits with the Children.

¶4            The juvenile court set a severance trial for March 3, 2016, at 1:30 p.m. Mother did not attend. The court found Mother had notice of the hearing, had been advised of the consequences of failing to appear, and had not shown good cause for her absence and concluded she waived her right to contest the allegations of the petition. After receiving exhibits and testimony from the DCS case worker, the court found DCS had proved all statutory grounds for severance by clear and convincing evidence and that severance was in the Children's best interests by a preponderance of the evidence. Accordingly, the court entered an order terminating Mother's parental rights to the Children.

¶5            Mother moved to set aside the judgment, alleging she had good cause for her failure to appear because she was seeking emergency medical care at the time of the hearing "because of an alleged robbery from which she sustained an injury to her hand." At the evidentiary hearing, however, Mother testified she had been bitten by a spider three days before the severance trial, and the wound became infected. Although Mother's friend had agreed to drive her to the courthouse for the trial, the friend then refused to take Mother anywhere but the hospital after seeing her hand. Mother admitted she had a bicycle and a bus pass and could have made it to the trial on her own, but decided she needed to put her health first — even though she had no intention of seeking medical treatment before her friend's suggestion.

¶6            Mother arrived at the hospital at 1:02 p.m. on March 3, 2016; she was discharged home, without restrictions, after the wound was irrigated and debrided. Mother testified she "probably would have lost [her] hand" if she had not sought immediate medical treatment. When asked why she did not contact the juvenile court, her attorney, or the DCS caseworker about her absence, Mother stated she had been beaten up and robbed of her cell phone the week before, and alternatively, she did not have the phone numbers or any way of getting them.

¶7            At the conclusion of the hearing, the juvenile court found that Mother's testimony was not believable and that she did not have good cause for her failure to appear. The court thus denied Mother's motion and affirmed the order terminating her parental rights to the Children. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), (2), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶8** Although the right to the custody and control of one's children is fundamental, it is not absolute. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). If a parent is properly served with a motion for termination, has notice of a hearing, and is advised of the consequences for failing to appear, but does not appear and no good cause is shown for that failure, the juvenile court may find the parent waived her rights and is deemed to have admitted the statutory bases for termination as alleged in the motion. A.R.S. § 8-863(C); *see also* Ariz. R.P. Juv. Ct. 66(D)(2); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 13 (App. 2007).

**¶9** Mother does not dispute she was properly served with the motion for termination and had previously received notice that her parental rights could be terminated if she failed to attend proceedings without good cause; she argues only that the juvenile court erred in concluding she lacked good cause for her failure to appear and denied her due process when it proceeded "by default."[5] Because a parent may waive her right to procedural due process if she fails to appear for certain hearings without good cause, *see Manuel M.*, 218 Ariz. at 211, ¶ 19 (citing *Ariz. Dep't of Econ. Sec. v. Redlon*, 215 Ariz. 13, 17, ¶ 9 (App. 2007)), the resolution of both issues turns on the court's determination that Mother did not show good cause for her failure to appear.

**¶10** To show good cause to set aside a termination order, a parent must show "(1) mistake, inadvertence, surprise or excusable neglect exists, and (2) a meritorious defense to the claims exists." *Christy A.*, 217 Ariz. at 304, ¶ 16 (citations omitted). Conduct is excusable if it "is such as might be the act of a reasonably prudent person under the same circumstances." *City*

---

[5] Although Mother uses the term "default" in her brief, a parent's failure to appear does not, alone, authorize the juvenile court to terminate her parental rights, but rather, may result in waiver of the parent's opportunity to contest the allegations of the termination motion. *See* A.R.S. § 8-863(C) ("If a parent does not appear at the hearing, the court . . . may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear."). We reiterate our position, articulated in *Christy A.*, 217 Ariz. at 304, 306, ¶¶ 14, 24, that juvenile courts should not use "default" terminology when a parent fails to appear, but rather should consider "whether the parent can show 'good cause' . . . and whether, under the circumstances, such failure should constitute a 'waiver of rights.'"

*of Phx. v. Geyler*, 144 Ariz. 323, 331-32 (1985) (citing *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 120 (1957)). We review the juvenile court's finding that a parent lacked good cause for her failure to appear for an abuse of discretion. *See Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007).

**¶11** We do not reweigh the evidence on appeal; as the trier of fact, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004) (citing *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002)). Accordingly, we will affirm "unless there is no reasonable evidence to support" the court's conclusion. *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2 (App. 1998) (citing *Maricopa Cty. Juv. Action No. JS-4374*, 137 Ariz. 19, 21 (App. 1983), and *Maricopa Cty. Juv. Action No. JS-378*, 21 Ariz. App. 202, 204 (1974)). Reasonable evidence supports the determination that Mother did not have good cause for her failure to appear. Moreover, Mother has not identified any meritorious defense to the allegations contained in the termination motion. We find no abuse of discretion or deprivation of due process.

## CONCLUSION

**¶12** Mother does not challenge the juvenile court's findings in support of the statutory grounds for severance or its determination that severance was in the best interests of the Children. Because we find no error in the court's determination that Mother failed to appear without good cause, the order terminating her parental rights to the Children is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

5